# COMMONWEALTH OF VIRGINIA



EXHIBIT A

CHESTERFIELD COUNTY CIRCUIT CO
Civil Division
9500 COURTHOUSE ROAD
CHESTERFIELD VA 23832-0909

Proof of Service

Virginia:
In the CHESTERFIELD COUNTY CIRCUIT CO

Case number: 041CL25006234-00
Service number: 001
Service filed: July 02, 2025
Judge: DEJ

Served by: SPECIAL PROCESS SERVER
Style of case: BRENDA BUTLER vs VIVINT, LLC
Service on: VIVINT LLC
SERVE: CT CORPORATION SYSTEM
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Attorney: SARRETT, DREW D

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, August 27, 2025 with a copy of the Complaint filed Wednesday, July 02, 2025 attached.

Hearing date :
Service issued: Wednesday, August 27, 2025

For Sheriff Use Only

# Affidavit of Service

**Service by Private Process**

| | |
|---|---|
| X Standard _ Rush | Case # 041CL25006234-00 |
| Attorney: Drew Sarrett | |
| Firm: Consumer Litigation Associates | |
| Style: Brenda Butler v. VIVINT, LLC | |
| Reference # | |

I, the undersigned __DEREK BAYLOR__ do hereby certify that I am over eighteen years of age, am not a party to or otherwise interested in the subject matter in controversy, and I further attest that on the __18th__ day of __SEPT__, 2025, at __11:20__ (am)/ pm, I served:

**VIVINT, LLC**
**Serve: CT Corporation System, Registered Agent**
**4701 Cox Road, Suite 285**
**Glen Allen, VA 23060**

the attached:

- O  Subpoena Duces Tecum
- O  Witness Subpoena
- **X  Summons & Complaint**
- O  Motion for Judgment
- O  Warrant in Debt
- O  Other: _____

- o  Personal Service: _____
- ☒  Registered Agent: __CHARMANE CUNNINGHAM__

Being unable to make personal service, a copy was delivered in the following manner:

- o  Delivered to person found in charge of the usual place of business or employment during business hours and giving information of its purport,
   - Name and Title: _____
- o  Delivered to a family member, not a temporary sojourner or guest, aged sixteen or older, at the usual place of abode of the above named party,
   - Individual Name: _____
- o  Posted on the front door or other such entrance as appears to be the main entrance
- o  Not Found / Unable to Serve

**Process Server:**

_Derek Baylor_

Notes: _____

Attempt(s): _____

Subscribed and sworn to before me this __18__ day of __Sept__, 2025, by __Derek Baylor__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public for the Commonwealth of Virginia
**City of Richmond**
**My Commission Expires:** _____

*Signature of Notary Public*

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CTs capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

*<u>As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.</u>*

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lauren Phillips    Charmane Cunningham    Jessica Fitzgerald    Alexus Mills

This authorization does not certify the receipt or acceptance of any specific process

*[signature: Lauren B9 Phillips]*

Lauren Phillips
Fulfillment Associate
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lauren Phillips, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this _11_ day of Oct, 2024.

*[signature]*
Notary Public

QUINTINA L. BARTOLOMEI
NOTARY PUBLIC
REG. #360582
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 07/31/2026

# Affidavit of Service

**Service by Private Process**

X Standard _ Rush    Case # 041CL25006234-00
Attorney: Drew Sarrett
Firm: Consumer Litigation Associates
Style: Brenda Butler v. VIVINT, LLC
Reference #

I, the undersigned __DEREK BAYLOR__ do hereby certify that I am over eighteen years of age, am not a party to or otherwise interested in the subject matter in controversy, and I further attest that on the __18th__ day of __SEPT-__, 2025, at __11:20__ (am)/ pm, I served:

**VIVINT, LLC**
*Serve: CT Corporation System, Registered Agent*
*4701 Cox Road, Suite 285*
*Glen Allen, VA 23060*

the attached:

- O  Subpoena Duces Tecum
- O  Witness Subpoena
- X  **Summons & Complaint**
- O  Motion for Judgment
- O  Warrant in Debt
- O  Other: _____

- o  Personal Service: _____
- ☒  Registered Agent: __CHARMANE CUNNINGHAM__

Being unable to make personal service, a copy was delivered in the following manner:

- o  Delivered to person found in charge of the usual place of business or employment during business hours and giving information of its purport,
  - Name and Title: _____
- o  Delivered to a family member, not a temporary sojourner or guest, aged sixteen or older, at the usual place of abode of the above named party,
  - Individual Name: _____
- o  Posted on the front door or other such entrance as appears to be the main entrance
- o  Not Found / Unable to Serve

**Process Server:**

_Derek Baylor_

Notes: _____

Attempt(s): _____

Subscribed and sworn to before me this __18__ day of __Sept__, 2025, by __Derek Baylor__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public for the Commonwealth of Virginia
City of Richmond
My Commission Expires: __May 2029__

*Signature of Notary Public*

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CTs capacity as registered agent.

PLEASE NOTE: The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

*As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.*

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lauren Phillips    Charmane Cunningham    Jessica Fitzgerald    Alexus Mills

This authorization does not certify the receipt or acceptance of any specific process

_Lauren B. Phillips_

Lauren Phillips
Fulfillment Associate
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lauren Phillips, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this __11__ day of Oct, 2024.

_Quintina L. Bartolomei_
Notary Public

QUINTINA L. BARTOLOMEI
NOTARY PUBLIC
REG. #360582
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 07/31/2026

VIRGINIA:

    IN THE CIRCUIT COURT OF COUNTY OF CHESTERFIELD,
    Civil Division

**BRENDA BUTLER,**

        **Plaintiff,**

                              **CASE NO.**

v.

**VIVINT, LLC**
SERVE: CT Corporation System, Registered Agent
       4701 Cox Rd. Ste. 285
       Glen Allen, VA 23060

        **Defendant.**

## COMPLAINT

COMES NOW, Plaintiff Brenda Buter ("Ms. Butler", or "Plaintiff"), by counsel, and as for her Complaint against Defendant Vivint, LLC ("Vivint"), she alleges as follows:

## PRELIMINARY STATEMENT

1. This case arises from unlawful and deceptive practices enacted against a consumer by Defendant Vivint, LLC.[1]

2. Vivint's unlawful practices against Plaintiff span several years and involve: a lie to induce her to enter into a contract, Vivint making withdrawals from Plaintiff's bank account for amounts she never owed, and Vivint using Plaintiff's home security system as a tool for harassment.

3. Plaintiff brings this action against Vivint to recover actual damages, statutory damages, punitive damages, and attorney's fees and costs and obtain equitable relief.

---

[1] Vivint, Inc. converted to Vivint, LLC on or about July 1, 2024. Ms. Butler refers to Vivint, Inc. and Vivint, LLC collectively as "Vivint."

## VENUE

4.     Venue is appropriate in this Court because the causes of action set forth in this complaint arose in Chesterfield County, Virginia Va. Code § 8.01-262.

## PARTIES

5.     Plaintiff is a natural person and a resident of Chester, Virginia.

6.     Defendant Vivint, LLC ("Vivint") is a Utah limited liability company doing business in Virginia through its registered agent, CT Corporation System, located at 4701 Cox Rd. Ste. 285, Glen Allen, VA 23060. In the underlying "transaction", Vivint was a "supplier" as defined by the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-198 ("VCPA"),

7.     Vivint engaged in "consumer transactions" with Plaintiff governed by the VCPA, VA. CODE ANN. §§ 59.1-198, *et seq*.

## FACTS

8.     In or around July 2021, Plaintiff entered into a contract (the "2021 Contract") with Vivint, d/b/a Fluent Home to install a "Smart Home Automation" security system for her home.

9.     Vivint describes the "Smart Home Automation" system as "fully customizable" and advertises that its customers are able to "customize how it works" and "use the Vivint app to customize settings and create personalized automations". VIVINT SMART HOME AUTOMATION AND SMART HOME SECURITY, https://www.vivint.com/ppc/ppc-microsite-products (last visited June 13, 2025).

10.     Plaintiff entered into the 2021 Contract, in part, because Vivint told Plaintiff that it would give her $1,000 to buy out the contract with her previous security system provider, Arlo Home Security Systems.

11.     Vivint never gave Plaintiff the $1,000.

12. The 2021 Contract did not contain a notice of Plaintiff's right to cancel the contract as required by the Virginia Home Solicitation Sales Act, Va. Code §§ 59.1-21.1 *et seq*.

13. The payment terms for the 2021 Contract were as follows:

**2. PRICE, PAYMENT, FINANCIAL DISCLOSURES AND TERMS**

**2.1 MONTHLY SERVICES FEE AND TERM.** YOU AGREE TO PAY US AS FOLLOWS:

| | | | | | |
|---|---|---|---|---|---|
| ACTIVATION FEE: | $0.00 | | MONTHLY SERVICES FEE: | $29.99 | (plus any applicable taxes) |
| TOTAL SMART HOME BUNDLE AND FEES: (includes taxes) | $2,384.98 | (See SES) | MONTHLY CELLULAR NETWORK MAINTENANCE SERVICE FEE: | $1.48 | (plus any applicable taxes) |
| STANDARD INSTALLATION FEE: | 199.00 | (See SES) | INITIAL TERM OF CONTRACT: | 60 | **MONTHS** ("Initial Term") |
| DOWN PAYMENT: | 0.00 | (See SES) | TOTAL CASH PRICE FOR SERVICES: | $1,888.20 | (plus any applicable taxes) |

THE TOTAL MONTHLY SERVICES FEE IS PAYABLE MONTHLY IN ADVANCE. THE FIRST MONTHLY SERVICES FEE IS DUE ON THE DAY THIS AGREEMENT IS SIGNED. **THERE IS NO FINANCING CHARGE OR COST OF CREDIT (0% APR) ASSOCIATED WITH THIS AGREEMENT.**

THE INITIAL TERM STARTS ON THE DAY THIS AGREEMENT IS SIGNED. AFTER THE INITIAL TERM, THIS AGREEMENT WILL AUTOMATICALLY CONTINUE MONTH-TO-MONTH AND EITHER PARTY MAY TERMINATE THIS AGREEMENT AT ANY TIME AFTER THE INITIAL TERM UPON AT LEAST THIRTY (30) DAYS' PRIOR WRITTEN NOTICE TO THE OTHER PARTY. IF TERMINATED, THIS AGREEMENT ENDS ON THE LAST DAY OF THE THIRTY (30) DAY NOTICE PERIOD.

**2.2 END OF TERM INCREASE IN SERVICES FEE.** AFTER THE INITIAL TERM OF THIS AGREEMENT, VIVINT SHALL HAVE THE RIGHT TO INCREASE THE MONTHLY SERVICES FEE SUBJECT TO YOUR RIGHT TO CANCEL ON THIRTY (30) DAYS' NOTICE.

**2.3 LATE FEES.** IF YOU FAIL TO MAKE ANY PAYMENT WHEN DUE, WE MAY, BY GIVING YOU WRITTEN NOTICE, DISCONTINUE INSTALLATION, MONITORING, AND REPAIR SERVICE, TERMINATE THIS AGREEMENT AND RECOVER ALL DAMAGES TO WHICH WE ARE ENTITLED, INCLUDING THE VALUE OF THE WORK PERFORMED AND OUR LOSS OF PROFIT. IN ADDITION, WE MAY IMPOSE A LATE CHARGE ON MONTHLY PAYMENTS MORE THAN TEN (10) DAYS PAST DUE IN THE AMOUNT OF 5% OF THE CURRENT MONTHLY CHARGE.

**2.4 CREDIT INVESTIGATION.** YOU AUTHORIZE VIVINT TO CONDUCT CREDIT INVESTIGATIONS FROM TIME TO TIME TO DETERMINE YOUR CREDIT WORTHINESS AND TO REPORT YOUR PAYMENT PERFORMANCE UNDER THIS AGREEMENT TO CREDIT AGENCIES AND CREDIT REPORTING SERVICES.

**2.5 PAYMENT AUTHORIZATION.** YOU AUTHORIZE VIVINT OR ITS ASSIGNEE(S) TO MAKE ELECTRONIC FUND TRANSFERS FROM YOUR BANK ACCOUNT OR CHARGES TO YOUR CREDIT CARD ACCOUNT (THE "ELECTRONIC PAYMENT") IN THE AMOUNTS IDENTIFIED ABOVE AS YOUR MONTHLY SERVICES FEE, EQUIPMENT CHARGES, DOWN PAYMENT, INSTALLATION PAYMENTS, INSTALLATION FEES, PLUS ANY APPLICABLE TAXES AND INCLUDING ALL PAST DUE AMOUNTS, TRIP FEES, SERVICE FEES OR AMOUNTS WHICH MAY ACCUMULATE IN ARREARS ACCORDING TO THE TERMS ABOVE AND THE CONDITIONS OF THIS AGREEMENT. IF YOU ELECT TO RECEIVE A PAPER INVOICE (RATHER THAN MAKING AN ELECTRONIC PAYMENT) OR IF WE DO NOT RECEIVE YOUR ELECTRONIC PAYMENT FOR ANY REASON, VIVINT WILL SEND YOU A PAPER INVOICE, AND YOU UNDERSTAND AND AGREE THAT AN ADDITIONAL PROCESSING FEE MAY APPLY TO EACH PAPER INVOICE SO RENDERED.

14. On or around July 13, 2023, a salesperson with Vivint (the "2023 Vivint Salesperson")[2] went to Plaintiff's home and attempted to sell her a new security system with Vivint.

15. By the time the 2023 Vivint Salesperson went to Plaintiff's home, Plaintiff had already paid all amounts due under the 2021 Contract, with the exception of the ongoing monthly services fee and the ongoing monthly cellular network and maintenance service fee ($31.47 per month total).

16. Plaintiff told the 2023 Vivint Salesperson that she did not need an upgrade and that

---

[2] The 2023 Vivint Salesperson identified himself as "Michael."

3

her equipment was working fine with the exception of one camera.

17. The 2023 Vivint Salesperson told Plaintiff that he would fix the malfunctioning camera.

18. Plaintiff did not agree to purchase anything from the 2023 Vivint Salesperson.

19. Plaintiff did not agree to purchase anything at all from Vivint other than what she agreed to in the 2021 Contract.

20. On or around July 16, 2023, the 2023 Vivint Salesperson went to Plaintiff's home a second time, uninvited, and drilled through her walls, removed her existing cameras, and installed a new system with new cameras.

21. When the 2023 Vivint Salesperson drilled through Plaintiff's walls, he damaged her home.

22. The 2023 Vivint Salesperson, or another agent of Vivint, forged Plaintiff's signature (electronically or otherwise) on documents with credit card company Fortiva to finance the "upgraded" system and give the false impression that Plaintiff agreed to "upgrade" her system.

23. In or around October of 2024, Plaintiff received a message from Vivint saying that she was delinquent in payments.

24. Plaintiff was not delinquent in payments to Vivint. Plaintiff had made every payment pursuant to her 2021 Contract as Vivint asserted it had come due.

25. When Plaintiff called Vivint to ask about the alleged delinquency, she spoke to a Vivint agent who told her that the extra charges were due to her having three doorbell cameras.

26. When Plaintiff explained that she did not have three doorbell cameras, and that Vivint was charging her two cameras that she did not have, a Vivint agent told her that they would charge her $99 to send a technician to her house to prove that she only had one doorbell camera.

4

27. Plaintiff told the Vivint agent that she would not pay money for Vivint's mistake.

28. Subsequently, Plaintiff tried to resolve the matter over the course of several phone calls with Vivint. During one call, Vivint kept Plaintiff on "hold" for approximately three hours.

29. More than once, during a call with Vivint, Plaintiff heard Vivint agents laughing at her in the background.

30. During one of these calls, on or around October 10, 2023, a Vivint agent told Plaintiff that the only thing he could do was give Plaintiff a plan to pay $277 a month, plus a $32 monthly fee, for five months.

31. During a subsequent call, a Vivint representative told Plaintiff that her balance was $1,988.59. When Plaintiff asked for a copy of the agreement, the Vivint agent told Plaintiff that he did not have one.

32. In or around November 2023, Plaintiff withdrew her ACH authorization for Vivint to debit her account.

33. Subsequently, Vivint attempted to debit Plaintiff's bank account for $2,000 on or around November 1, November 7, November 10, November 14, and November 21, 2023.

34. On or around December 1, 2023, Vivint debited $1,897.31 from Plaintiff's bank account.

35. Vivint debited additional charges from Plaintiff's account on December 3 and December 6, 2023.

36. Plaintiff cut Vivint's access to her account on December 8, 2023.

37. Vivint subsequently removed Plaintiff's access to control her security system.

38. Even though Plaintiff did not have access to control the security system, Vivint began harassing Plaintiff through the security system.

5

39. One evening, Vivint notified Plaintiff numerous times, every 2-3 minutes, that there was someone at her door. On Plaintiff's porch, Vivint caused the camera to make a whistling sound and play a notification that said, "Camera recording." When Plaintiff attempted to view the camera footage, Vivint showed a message saying, "We want you back."

40. Vivint's countless false security alerts distressed Plaintiff and caused her to lose sleep.

41. One night, Vivint's harassment of Plaintiff continued until approximately 1:00 am., where the whistling sound and "camera recording" notification repeatedly played. On other days, these same false security alerts continued repeatedly.

42. On or around May 6, 2024, Plaintiff notified Vivint in writing that she was cancelling the 2021 contract pursuant to VA. CODE § 59.1-21.4(2)(a) because Vivint never provided her with any notice of a right to cancellation.

43. Vivint received Plaintiff's notice of cancellation.

44. Subsequent to receiving Plaintiff's notice of cancellation, Vivint continued to harass Plaintiff for payment.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Virginia Home Solicitation Sales Act

45. Plaintiff realleges and incorporates all factual allegations in the Complaint as if fully set out herein.

46. The Virginia Home Solicitation Sales Act requires that the seller "obtain the buyer's signature to a written agreement or offer to purchase in the case of a credit sale" That written agreement or offer to purchase must contain "a statement of the buyer's rights and a notice of cancellation which comply with [§ 59.1-21.4(2)]." VA. CODE ANN. § 59.1-21.4(1).

47. Under § 59.1-21.4(2), the statement of the buyer's rights and a notice of cancellation shall:

    a. Appear on the front side of the receipt or contract, or immediately above the buyer's signature, in bold face type of a minimum size of ten points under the conspicuous caption: "BUYER'S RIGHT TO CANCEL," and

    b. Read as either of the following: (i) "If this agreement was solicited at a residence and you do not want the goods or services, you, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right.

Notice of Cancellation

_____
(Date of Transaction)

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram to _____ (name of seller), at _____ (address of seller's place of business) not later than midnight of _____ (Date).

I hereby cancel this transaction.

_____
(Date)

_____
(Buyer's signature)"; or (ii) In the form and content of any similar notice requirement for home solicitation sales under federal law; provided that such requirement contains at least the information required in (i) of this subsection and, further provided, that nothing in such notice is in conflict with the provisions of this chapter. Any statement or notice form presented to a buyer prior to the effective

7

date of an amendment to this section shall be deemed sufficient if it satisfied the requirements of this section in effect at the time the statement or notice was presented.

48. § 59.1-21.4 further provides that, "Except as otherwise provided in this section until the seller has complied with this section the buyer may cancel the home solicitation sale by notifying the seller in any manner and by any means of his intention to cancel."

49. Vivint failed to provide Plaintiff with any notice of her right to cancel, as required by Va. Code Ann. § 59.1-21.4.

50. Vivint engaged in a *per se* violation of the VCPA when it violated the Virginia Home Sales Solicitation Act.

51. Vivint's actions were willful violations of the VCPA.

52. To the extent any violation was not willful, it was negligent and not the result of bona fide error.

53. Enforcement mechanisms for the Virginia Home Solicitation Sales Act are set forth in VA. CODE ANN. § 59.1-21.7:1, which provides that "Any violation of the provisions of this chapter shall constitute a prohibited practice pursuant to the provisions of § 59.1-200 and shall be subject to any and all of the enforcement provisions of the Virginia Consumer Protection Act []."

54. Plaintiff has suffered losses as a result of Vivint's violations of the Virginia Home Sales Solicitation Act.

55. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Vivint in an amount to be determined by the Court pursuant to VA. CODE ANN. § 59.1-204.

**COUNT II:**
**Violations of the VCPA**

8

56. Plaintiff realleges and incorporates all factual allegations in the Complaint as if fully set out herein.

57. Throughout its interactions with Plaintiff, Vivint violated the VCPA numerous times.

58. Vivint engaged in *per se* prohibited practices under the VCPA when it "upgraded" Plaintiff's security system without her permission or consent, attached new cameras to Plaintiff's home without her permission or consent, promised Plaintiff $1,000 to buy out her previous Vivint contract (which it failed to pay), and attempted to bully Plaintiff into paying an amount that she does not owe. Through these actions, Vivint:

   a. Committed a per se violation of VA. CODE ANN. § 59.1-200(A)(14) through the use of deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

   b. Committed a *per se* violation of VA. CODE ANN. § 59.1-200(A)(8) by engaging advertised goods with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised,

59. Vivint violated VA. CODE ANN. § 59.1-200(A)(14), by using deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction, when it forged Plaintiff's name in 2023 and attempted to hold Plaintiff liable for the unauthorized "upgrades" to her security system.

60. Vivint violated VA. CODE ANN. § 59.1-200(A)(8) by engaging advertised goods with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised, when it promised to pay Plaintiff $1,000 as part of the 2021 Contract, for the purpose of paying off her security system contract with Arlo, and never paid Plaintiff the money.

61. Vivint's actions were willful violations of the VCPA.

62. To the extent any violation was not willful, it was negligent and not the result of bona fide error.

63. Plaintiff has been damaged and suffered losses as a result of Vivint's violations of the VCPA.

64. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Vivint in an amount to be determined by the Court pursuant to VA. CODE ANN. § 59.1-204.

## COUNT III:
## Violations of the Virginia Computer Crimes Act

65. Plaintiff realleges and incorporates all factual allegations in the Complaint as if fully set out herein.

66. "Computer" means a device that accepts information in digital or similar form and manipulates it for a result based on a sequence of instructions. VA. CODE ANN. § 18.2-152.2.

67. Pursuant to VA. CODE ANN. § 8.01-40.1, any person whose property or person is injured by reason of a violation of the provisions of the Virginia Computer Crimes Act (§ 18.2-152.1 et seq.) may sue and recover damages as provided in § 18.2-152.12.

68. Pursuant to VA. CODE ANN. § 18.2-152.4, it is unlawful for any person, with malicious intent, or through intentionally deceptive means and without authority, to cause a computer to malfunction, regardless of how long the malfunction persists. Va. Code Ann. § 18.2-152.4(A)(2).

69. The Vivint security system installed in Plaintiff's home is a "computer" as defined in § 18.2-152.12 of the Virginia Computer Crimes Act.

70. When Vivint caused the security system to malfunction in attempts to pressure

10

Plaintiff to pay Vivint for the 2023 system "upgrades", Vivint was causing a computer to malfunction, with malicious intent, or through intentionally deceptive means and without authority, in violation of VA. CODE ANN. § 18.2-152.4(A)(2).

71. Vivint injured Plaintiff when it invaded her privacy by causing her security system to malfunction inside her home, causing her significant distress.

72. Plaintiff has been damaged and suffered losses as a result of Vivint's violations of the Virginia Computer Crimes Act.

73. Plaintiff is entitled to recover damages, costs and attorney's fees from Vivint in an amount to be determined by the Court pursuant to VA. CODE ANN. § 18.2-152.12.

## COUNT IV:
## Conversion

74. Plaintiff realleges and incorporates all factual allegations in the Complaint as if fully set out herein.

75. Plaintiff had ownership and a right to possess the funds in her bank account in December 2023.

76. In December 2023, Vivint withdrew funds from Plaintiff's bank account that Plaintiff did not owe to Vivint.

77. By withdrawing Plaintiff's funds from her account, Vivint wrongfully exercised dominion or control over Plaintiff's property, depriving Plaintiff of possession.

78. As a result of Vivint's conversion of Plaintiff's funds, Plaintiff is entitled to compensatory damages for loss of her funds and loss of use of those funds and punitive damages.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff Brenda Butler respectfully requests that this court provide the following relief:

A. Award actual damages of $250,000 to Plaintiff under the VCPA claims;

B. Declare the credit contract is unenforceable and void because it is fraudulent and violates the VCPA;

C. Award damages of $150,000 to Plaintiff for her Virginia Computer Crimes Act claims;

D. Award compensatory damages of $5,000 for loss of the converted funds from Plaintiff's bank account and loss of use of those funds;

E. Award punitive damages of $350,000 for Vivint's conversion of funds from Plaintiff's bank account;

F. Award Plaintiff her costs and reasonable attorney's fees in accordance with the VCPA, the Virginia Computer Crimes Act, and Virginia common law.

G. Award pre-judgment and post-judgment interest as permitted by Virginia law; and

H. Award such other relief, including any equitable relief that may be available, as the Court deems appropriate.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Respectfully Submitted,
**BRENDA BUTLER**

By: _____
Drew D. Sarrett, VSB #81658
CONSUMER LITIGATION ASSOCIATES, P.C.
626 E. Broad St., Suite 300
Richmond, VA 23219
Telephone: (804) 905-9900
Facsimile: (757) 930-3662
E-mail: drew@clalegal.com

*Counsel for Plaintiff*

12


Return to Case    Main Menu    Logoff

# Chesterfield County Circuit - Civil Division
### Pleadings/Orders Detail

**Case Number:** CL25006234-00

| Filed | Type | Party | Judge | Book | Page | Remarks |
|---|---|---|---|---|---|---|
| 07/02/25 | Complaint | PLT |  | NLW | 0 |  |

Return to Case    Main Menu    Logoff

Build #: 3.9.1.42